ROBERT B. BELL & another *vs.* B. F. GOODRICH COMPANY. June 8, 1971 The Superior Court judge sustained the defendant's demurrer to the plaintiffs' declaration in a contract action for breach of an oral agreement. Count 1 of the plaintiffs' declaration alleges breach of an oral agreement made in Ohio whereby the defendant agreed to negotiate with the plaintiffs for the acquisition by Star-Lite Industries of the defendant's Rayco Division (Rayco); the defendant agreed to negotiate only with the plaintiffs until an agreement was consummated or until both parties mutually agreed to terminate their negotiations. The defendant subsequently negotiated a purchase and sale agreement for Rayco with another party while it was negotiating with the plaintiffs. Count 2 alleges breach of an oral agreement with the defendant giving the plaintiffs, on behalf of Star-Lite Industries, first option to purchase Rayco. This count states no option price and no period of time for the duration of the option. The plaintiffs' declaration is insufficient in law to establish a contract. The declaration, in essence, alleges an agreement to negotiate and does not create a binding contract. Moreover, the declaration at most alleges that the defendant agreed with the plaintiffs to negotiate for the sale of the defendant's Rayco Division for as long as the parties agreed. Such an agreement is void for vagueness. Restatement 2d: Contracts, § 32 (Tent. draft No. 1, April 13, 1964). *Lyman* v. *Robinson,* 14 Allen, 242, 254. *Caggiano* v. *Marchegiano,* 327 Mass. 574. *General Motors Corp.* v. *Keener Motors, Inc.* 194 F. 2d 669, 676–677 (6th Cir.) (discussing Ohio law). Corbin, Contracts, § 95. The order sustaining the demurrer is affirmed.

*So ordered.*

*Nelson S. Baker (Charlotte A. Perretta* with him) for the plaintiffs.
*Neil L. Lynch* for the defendant.


ELIZABETH C. COLLINS & another *vs.* CITY OF SPRINGFIELD & others. June 9, 1971. Mr. Francis M. Collins and his wife seek specific performance by the city and its tax title custodian (custodian) of an alleged 1957 agreement to convey designated land (the locus) held under tax title. A master, whose report was confirmed, found the following facts. On December 18, 1957, Mrs. Collins made an irrevocable offer to purchase the locus for $750 and made a deposit of $50, for which she was given a written receipt. No further payment was ever made or tendered. On October 27, 1960, Mrs. Collins was given notice by mail by the then custodian that her deposit would be forfeited unless the custodian heard from her within ten days. The deposit was forfeited. It does not appear on the record whether, in any effort to dispose of the locus, the custodian ever complied with the procedure contemplated by G. L. c. 60, § 77B, inserted by St. 1947, c. 224, § 1. On the master's report the bill was properly dismissed.

*Interlocutory decree affirmed.*
*Final decree affirmed with*
*costs of appeal.*

*Francis M. Collins* for the plaintiffs.
*James E. Dowd,* Associate City Solicitor, for the defendants.