NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1155

TOWN OF KINGSTON & another[1]

vs.

HIGH PINES CORPORATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

High Pines Corporation (High Pines) appeals from a summary judgment granted in the Superior Court to the town of Kingston and its planning board (together, town) on the town's breach of contract claims against High Pines.[2]  We conclude that the parties' 2014 settlement agreement was an enforceable contract, and summary judgment was properly granted in favor of the town. We likewise discern no abuse of discretion or other error in the

---

[1] Planning Board of Kingston.

[2] High Pines also challenges the judge's denial of its cross motion for summary judgment on the same claims.  As we note below, however, its argument does not meet the requirements of Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

judge's choice of limited specific performance as the remedy for High Pines's breach.  Accordingly, we affirm.

Background.  The following facts are not disputed.  In 1997, the town granted a special permit to High Pines, allowing High Pines to develop a subdivision in Kingston.  In 2008, dissatisfied with High Pines's failure to complete the subdivision's roadways and drainage systems, the town sued High Pines in the Land Court (Land Court action) seeking injunctive relief compelling High Pines to complete the infrastructure.  In an attempt to resolve the Land Court action, High Pines and the town executed a settlement agreement in September 2014.  That agreement provided, in relevant part, the following:

> "1.  Upon the execution hereof, High Pines, by and through its qualified engineer shall prepare a comprehensive list of infrastructure work that is required to be completed in the . . . subdivision (the 'Work').  Such Work shall relate to completion of roadway and drainage infrastructure in [a given phase of the subdivision].  Such list of Work shall be subject to the peer review and approval by the Planning Board's designated engineer/inspector who may edit or amend such list of Work accordingly.  The Planning Board's designed inspector/engineer shall be Webby Engineering or such other peer review engineer as may be approved by High Pines, such approval not to be unreasonably withheld.  The Planning Board may utilize such funds from the Security as may be necessary to fund such peer review.  High Pines' engineer and the Board's engineer shall cooperate with each other in arriving at a final list of Work which, when complete, shall describe all of the infrastructure Work that forms the basis of the parties' dispute.
>
> "2.  All of such Work shall be completed by no later than December 1, 2014, unless a request for extension of such deadline is approved, in writing, by the Kingston Planning Board[.]

. . . .

"6. If all the Work or any portion of the Work is not completed by December 1, 2014, the Security [$144,006.52] shall be available and discharged to the Town to complete the Work. . . . In the event that, upon December 14, 2014, the remaining Security is insufficient to complete the remaining Work, the Town may resume the Suit or bring a separate action in Contract in a Massachusetts court of competent jurisdiction to compel the completion of any remaining Work. . . .

"7. Upon the execution of this Agreement, the parties shall submit a Joint Motion to Stay the [Land Court action] so as to permit the Work to be completed in the manner set forth [in the settlement agreement].

"8. This Agreement is a Massachusetts Contract."

High Pines did not prepare the list of work or take any other steps required under the terms of the agreement, and the parties did not submit a joint motion to stay the Land Court action. On the eve of trial, the town did dismiss the action, however. Shortly thereafter, the town filed this breach of contract action in the Superior Court.

On the parties' cross motions for summary judgment, the judge ruled in favor of the town and against High Pines. Judgment entered, ordering High Pines to fulfill its obligations "under Paragraph 1 of [the] Agreement to engage in the process of defining the subdivision work to be completed thereunder." This appeal followed.

Discussion. 1. Summary judgment on town's contract claim. a. Standard of review. "We review a grant of summary judgment

3

de novo," Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015), to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" (citation omitted). Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015).

b. Settlement agreement as enforceable contract. The settlement agreement at issue set forth all material terms of the parties' agreement, and so was enforceable. See Situation Mgt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000) ("to create an enforceable contract, there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement"). Significantly, the agreement described the nature of the work to be done (completion of roadway and drainage infrastructure in a defined phase of the subdivision), the method by which the details of that work would be decided, the timing for the work's completion, and how the parties could address disputes about any costs that exceeded the security High Pines had already posted. This was not "merely an [unenforceable] agreement to agree." Hunneman Real Estate Corp. v. Norwood Realty, Inc., 54 Mass. App. Ct. 416, 419 (2002).

4

High Pines contends that the agreement was unenforceable because it "has no provision to determine the rights or obligations of the parties if the engineers cannot agree on the work."  That the agreement did not detail how potential good-faith disagreements between the parties' experts should be resolved does not alter our conclusion that the agreement was enforceable, however.  See Situation Mgt. Sys., Inc., 430 Mass. at 878 ("It is not required that all terms of the agreement be precisely specified, and the presence of undefined or unspecified terms will not necessarily preclude the formation of a binding contract").  Contrast Bell v. B.F. Goodrich Co., 359 Mass. 763, 763 (1971) (no contract where defendant agreed to negotiate "until an agreement was consummated or until both parties mutually agreed to terminate their negotiations").

We are likewise unpersuaded that High Pines's completion of the list of work described in the first paragraph of the agreement was a condition precedent to a contract, rather than a contractual provision.  The agreement does not include the "'[e]mphatic words' . . . generally considered necessary to create a condition precedent that will limit or forfeit rights under an agreement," Massachusetts Mun. Wholesale Elec. Co. v. Danvers, 411 Mass. 39, 46 (1991), quoting Commerce Ins. Co. v. Koch, 25 Mass. App. Ct. 383, 385 (1988), and no such intention is otherwise "clearly manifested in the contract as a whole."

5

Massachusetts Mun. Wholesale Elec. Co., supra.  Indeed, the parties themselves characterized the settlement as "a . . . [c]ontract."  See Hunneman Real Estate Corp., 54 Mass. App. Ct. at 421 (parties' stated intention to be bound is significant to determination of contract's enforceability).  Even viewing the facts in the light most favorable to High Pines, we discern no genuine issue of material fact that would suggest the agreement is less than it says.

c.  Judge's remedy of limited specific performance.  High Pines challenges the judge's order for specific performance of the contract insofar as it orders specific performance of the "work" under the settlement agreement.  The judge's order, however, was narrowly tailored, and only ordered High Pines "to engage in the process of defining the subdivision work to be completed [under paragraph 1 of the agreement]."  Because we conclude that the order for specific performance does not extend to the "work," we do not address further High Pines's challenge to the relief specified in the judgment.[3]

---

[3] Nothing in our decision should be read to suggest that High Pines is excused from its other contract obligations, however.  So far as the record reflects, the settlement agreement remains an enforceable contract.  There is no dispute that High Pines failed to take any steps to complete its obligations under the settlement agreement; thus, its breach was material.  See Duff v. McKay, 89 Mass. App. Ct. 538, 547 (2016) ("material breach" is "a breach of an essential and inducing feature of the contract" [quotation omitted]).  That material

6

2.  Waiver argument.  High Pines argues that the language of the agreement (particularly, paragraph 6) can be interpreted in more than one way and, as a result, there exists a genuine issue of material fact whether the town waived its right to bring the instant action in the Superior Court.  Specifically, High Pines contends that the town waived this right when it continued to litigate the Land Court action after the settlement agreement was signed.  The question in this case concerns the interpretation of a contractual provision, however, and is thus one of law.  See James B. Nutter & Co. v. Estate of Murphy, 478 Mass. 664, 667 (2018).  Reviewing the relevant language de novo, see id., we are not persuaded that the settlement agreement provided for a waiver of rights in the circumstances here.  See David v. Kelly, 100 Mass. App. Ct. 443, 446 (2021), quoting Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017) ("[W]hen the language of a contract is clear, it alone determines the contract's meaning").

Paragraph 6 of the agreement provided that, in the event that the outstanding work on the subdivision infrastructure was not completed by December 1, 2014, and "the remaining Security

_____

breach excused the town from performance "as [a] matter of law," Dalrymple v. Winthrop, 97 Mass. App. Ct. 547, 554 (2020), quoting Hastings Assocs., Inc. v. Local 369 Bldg. Fund, Inc., 42 Mass. App. Ct. 162, 171 (1997), but did not otherwise affect the contract's enforceability.

7

[was] insufficient to complete the remaining Work, the Town [could] resume the [Land Court action] or bring a separate action in Contract in a Massachusetts court of competent jurisdiction to compel the completion of any remaining Work" (emphasis added). The use of the word "or" in this context serves at least two purposes: to provide the town flexibility if enforcement of the contract was necessary, and to confirm that, if enforcement was required, High Pines would not have to defend on more than one front at a time. It is not, however, "explicit language" indicating a waiver, see David, 100 Mass. App. Ct. at 447, and it otherwise falls far short of demonstrating the town's "intentional relinquishment" of its right to pursue the instant action after it dismissed its Land Court action. Psychemedics Corp. v. Boston, 486 Mass. 724, 745 (2021), quoting Dynamic Mach. Works, Inc. v. Machine & Elec. Consultants, Inc., 444 Mass. 768, 771 (2005). Cf. Federal Deposit Ins. Corp. v. Hill, 13 Mass. App. Ct. 514, 518 (1982) (where note stated bank "had no duty as to the collection or protection of collateral held [to secure the note] or any income thereto nor as to the preservation of any rights pertaining thereto beyond the safe custody thereof," it included "a clear and unequivocal waiver by the defendant of any right he may have had to be discharged . . . by the bank's impairment of collateral").

3.  <u>Motion to strike</u>.  The judge in this case denied High Pines's motion to strike the affidavit of Kingston's assistant town administrator, Gloria Mitchell, and the two Stantec engineering reports that were attached to it, concluding that they were business records.  We need not reach the correctness of that determination because, whatever their significance to a determination of the scope and cost of the remaining infrastructure work, those documents do not bear on either the question whether High Pines breached the contract by failing to perform any part of it, or on the propriety of the relief that the judge ordered.  Accordingly, any abuse of discretion or other error in the judge's denial of High Pines's motion to strike portions of the affidavit and the attached reports did not "injuriously affect[] the substantial rights of [High Pines]," and so does not require reversal (citation omitted).  <u>David</u>, 100 Mass. App. Ct. at 451.

4.  <u>High Pines's motion for summary judgment</u>.  High Pines's challenge to the judge's denial of its cross motion for summary judgment does not rise to the level of appellate argument.  See

Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  We do not address it further.

Conclusion.  The judgment dated December 22, 2022, is affirmed.

So ordered.

By the Court (Henry, Hand & Brennan, JJ.[4]),

Paul Little

Clerk

Entered:  January 9, 2025.

---

[4] The panelists are listed in order of seniority.